# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHARISSA FRAPPIER, | : |
| Plaintiff, | : |
| | : |
| v. | :     3:07-cv-1457 (WWE) |
| | : |
| CITY OF WATERBURY, LESLIE LUGO and | : |
| JOHN MURNANE, | : |
| Defendants. | : |

## MEMORANDUM OF DECISION ON DEFENDANTS'
## MOTION FOR PARTIAL SUMMARY JUDGMENT

This action arises from plaintiff Charissa Frappier's claims that defendants City of Waterbury, Leslie Lugo and John Murnane violated her rights under the Fourth Amendment to the United States Constitution. Frappier also asserts claims of intentional infliction of emotional distress and negligent infliction of emotional distress. Now pending before the Court is defendants' Motion for Partial Summary Judgment (Doc. #15). For the following reasons, the motion will be granted in part, absent objection and on the merits.

The Court has jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331 as to plaintiff's federal law claims and pursuant to 28 U.S.C. § 1367 as to plaintiff's state law claim.

## BACKGROUND

Defendants have submitted a brief, a stipulation of facts and supporting exhibits.[1] This evidence reflects the following factual background.

_____

[1]    Plaintiff has not filed any response to the motion. Pursuant to Local Rule of Civil Procedure 56(a)(1), the Court will accept the material facts asserted in the statement of facts and supported by evidence as admitted by plaintiff.

On April 23, 2007, the Waterbury Police Department received a 911 "hang up" call originating from plaintiff's address in Waterbury. At approximately 1:53 a.m., defendants Leslie Lugo and John Murnane, police officers in the Waterbury Police Department, were dispatched to the address from which the 911 call originated. Upon arriving at plaintiff's residence, the police officers spoke to plaintiff and obtained her name and date of birth. After conducting an inquiry, defendant officers concluded that there were no evident concerns regarding the safety and welfare of the occupants, so they exited plaintiff's unit.

When she returned to her vehicle, Lugo searched her computer system to determine if there were any outstanding warrants for Frappier. The computer records indicated that there was an active arrest warrant for Frappier originating out of Naugatuck, Connecticut. Lugo contacted the Waterbury Police Department who in turn contacted the Naugatuck Police Department to seek confirmation of the warrant. The Naugatuck Police Department verified that there was an active arrest warrant for plaintiff and requested that the Waterbury Police Department produce plaintiff to them.

Defendant officers returned to plaintiff's residence and informed plaintiff of the outstanding arrest warrant. Defendant officers then took plaintiff into custody and transported her to South Main Street in Waterbury where Naugatuck police officers were waiting to take custody of plaintiff. Upon transferring plaintiff, defendant officers resumed their patrol duties.

Defendant officers were not involved with reviewing or approving the criminal charges filed against plaintiff, nor did they have any contact with the State's Attorney's

Office regarding any prosecution of plaintiff.[2]

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper."  Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir. 1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute.  Am. Int'l Group, Inc. v. London Am. Int'l Corp., 664 F. 2d 348, 351 (2d Cir. 1981).  In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof, then summary judgment is appropriate.  Celotex Corp., 477 U.S. at 323.  If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met.  Liberty Lobby, 477 U.S. at 24.

Defendants move for summary judgment on Counts One and Three of plaintiff's complaint.  Count One is a claim for false arrest and malicious prosecution under the Fourth Amendment to the federal Constitution.  Count Three is a claim for both negligent infliction and intentional infliction of emotional distress.  Defendants

---

[2]     Although defendants' motion papers are silent on this issue, plaintiff's complaint indicates that the charges against her were dismissed.

3

acknowledge that there are issues of material fact related to Count Two, which is a claim for a violation of the Fourth Amendment to the federal Constitution for excessive force and unreasonable seizure.

## I.    Count One - False Arrest and Malicious Prosecution

Defendants move for summary judgment on Count One, asserting that (1) there existed probable cause for defendant officers to take plaintiff into custody; (2) plaintiff has failed to state a claim against the City of Waterbury based on 42 U.S.C. § 1983; and (3) defendants are entitled to qualified immunity.

The Fourth Amendment to the United States Constitution guarantees that an individual shall not be arrested without probable cause.  Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996).  This right is violated when an "officer submitting the probable cause affidavit knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his affidavit or omitted material information, and that such false or omitted information was necessary to the finding of probable cause."  Soares v. Connecticut, 8 F.3d 917, 920 (2d Cir. 1993).  The existence of probable cause to arrest constitutes justification and "is a complete defense to an action for false arrest."  Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994).

Probable cause "to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime."  Weyant, 101 F.3d at 852.  A reviewing court must examine "those facts available to the officer at the time of the arrest and immediately before it."  Lowth v. Town of Cheektowaga, 82 F.3d 563, 569 (2d Cir. 1996).

4

"[T]he issuance of a warrant by a neutral magistrate, which depends on a finding of probable cause, creates a presumption that it was objectively reasonable for the officers to believe that there was probable cause ... and a plaintiff who argues that a warrant was issued on less than probable cause faces a heavy burden." <u>Golino v. New Haven</u>, 950 F.2d 864, 870-71 (2d Cir. 1991). Further, a reviewing court should pay great deference to the determination of a neutral magistrate that probable cause existed to issue a warrant. <u>United States v. Smith</u>, 9 F.3d 1007, 1012 (2d Cir. 1993).

Here, it is apparent that after she returned to her vehicle, defendant Lugo contacted the Waterbury Police Department and observed that there was an outstanding arrest warrant issued for plaintiff. The Waterbury Police Department dispatcher confirmed this information with the Naugatuck Police Department. Because defendant officers reasonably relied on the existence of the arrest warrant, the existence of which plaintiff does not challenge, the Court finds that defendant officers had probable cause to arrest plaintiff.[3] In light of this holding, defendant City cannot be liable on this count.

Further, there is no evidence to support the view that defendant officers or City were involved in the prosecution of plaintiff. Accordingly, summary judgment will be granted as to Count One.

## II.    Count Three - Negligent Infliction of Emotional Distress and Intentional Infliction of Emotional Distress

Defendants move for summary judgment on Count Three because summary

---

[3]     In their papers, defendants contend that they did not "arrest" plaintiff. The Court is dubious of this statement, but need not address it.

judgment is appropriate on Count One. To prevail on her claim of intentional infliction of emotional distress, plaintiff must establish (1) that defendants intended to inflict emotional distress or knew or should have known that their conduct would likely result in emotional distress; (2) that the conduct was extreme and outrageous; (3) that the conduct in question was the cause of plaintiff's distress; and (4) that the emotional distress experienced by plaintiff was severe. Appleton v. Board of Education of Town of Southington, 254 Conn. 205, 210 (2000).

Courts have held that the use of excessive force can establish a claim for intentional infliction of emotional distress. See, e.g., Clark v. Dowty, 2007 U.S. Dist. LEXIS 49184 (D. Conn. July 9, 2007). Because defendants have not sought summary judgment on plaintiff's excessive force claim, the Court cannot grant summary judgment on the intentional infliction of emotional distress claim.

Defendants are entitled to summary judgment on plaintiff's claims of negligent infliction of emotional distress. Plaintiff may not prevail on a negligence claim when she has brought claims of intentional use of excessive force and intentional infliction of emotional distress. Naccarato v. Scarselli, 124 F. Supp. 2d 36, 45 (N.D.N.Y. 2000); see also Mazurkiewicz v. New York City Transit Authority, 810 F. Supp. 563, 570-71 (S.D.N.Y. 1993) (holding that plaintiff cannot argue intentional conduct based on a section 1983 excessive force claim and also argue that defendants were acting negligently; "while such a tactic may be appropriate were this a criminal action and plaintiff the defendant, it has no place in a civil action such as the instant lawsuit").

Further, a municipal employee enjoys qualified immunity from tort liability based on unintentional conduct related to the performance of governmental or discretionary

acts.  See Elliott v. City of Waterbury, 245 Conn. 385, 411 (1998).  "The hallmark of a

discretionary act is that it requires the exercise of judgment."  Lombard v. Edward J.

Peters, Jr. P.C., 252 Conn. 623, 628 (2000).  The manner in which a police officer

makes an arrest, including when to use force, is a discretionary act.  See Gordon v.

Bridgeport Housing Authority, 208 Conn. 161, 180-181 (1988) (policing community and

investigating those who break the law is discretionary function); see also Galindez v.

Miller, 285 F. Supp. 2d 190, 195 (D. Conn. 2003) (determination of what level of force

to use under the circumstances "appears to fit" within framework of police discretion).

Therefore, the Court will grant defendants' motion for summary judgment as to

plaintiff's claim of negligent infliction of emotional distress.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion for partial

summary judgment (Doc. #15) as to Count One and Count Three's claim for negligent

infliction of emotional distress.  Plaintiff is instructed to amend her complaint within ten

days of the filing of this memorandum of decision.

Dated at Bridgeport, Connecticut, this 20th day of November, 2008.


_____/s/_____
Warren W. Eginton
Senior United States District Judge